IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SERGIO ANDRADE MARTINEZ                                             PLAINTIFF

v.                            Case No. 5:12-CV-05163

OFFICER FIELDS and
MAJOR RANDALL DENZER                                                DEFENDANTS

## ORDER

Currently before the Court is the Report and Recommendation (Doc. 63) on Defendants' Motion for Summary Judgment (Doc. 32) filed in this case on January 28, 2014, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. After careful review of the Report and Recommendation, Plaintiff Sergio Andrade Martinez's Objections (Doc. 66), Defendants Officer Fields and Major Randall Denzer's Response to Plaintiff's Objections (Doc. 67), Defendants' Motion for Summary Judgment (Doc. 32), Plaintiff's Response to the Motion for Summary Judgment (Doc. 44), Defendants' Reply to Plaintiff's Response to the Motion for Summary Judgment (Doc. 60), and a *de novo* review of the record, the Court finds that the Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Report and Recommendation should be, and hereby is, APPROVED and ADOPTED IN ITS ENTIRETY.

The Magistrate's recommendation that this Court grant Defendant's Motion for Summary Judgment, dismissing Plaintiff's Complaint for violations arising under 28 U.S.C. § 1983 with prejudice, is consistent with the findings of the Court. On July 26, 2012, Plaintiff brought suit against the "Washington County Jail," contending that while he was

on pretrial detention in the Washington County Detention Center ("WCDC"), he was subjected to the use of excessive force. He later amended his Complaint to identify Officer Fields as the individual who applied excessive force. Subsequently, the Magistrate directed that Major Randall Denzer, Jail Administrator of WCDC, be substituted in place of "Washington County Jail."

A hearing was held before the Magistrate on November 22, 2013, during which Plaintiff was given the opportunity to make oral argument in response to the Motion for Summary Judgment. According to Plaintiff, he speaks little or no English, and his pleadings were prepared by someone else with the assistance of an interpreter. Plaintiff alleges that while he was incarcerated, he was subjected to the use of excessive force in violation of 28 U.S.C. § 1983 when Officer Fields subdued him and fractured Plaintiff's collarbone in the process.

The Magistrate recommends that Defendants are entitled to summary judgment in their favor because Plaintiff failed to exhaust the available administrative remedies; that no reasonable juror could find that Officer Fields used excessive force during the incident; that Officer Fields is entitled to qualified immunity; and there is no basis to support liability against the WCDC by and through Major Denzer.

Plaintiff offers two objections to the Magistrate's recommendation. First, he contends that because the document used for making grievances was not provided to him in Spanish and he was not informed of the grievance procedure, his failure to exhaust administrative remedies should be excused. Second, because he sustained a broken collarbone, Plaintiff objects to the Magistrate's finding that no reasonable juror could find that Officer Fields used excessive force.

Plaintiff's objections to the Report and Recommendation are addressed by the Court in turn.

## I. Exhaustion of Administrative Remedies.

Plaintiff objects to the Magistrate's determination that he failed to exhaust his administrative remedies prior to filing suit, arguing that he was not informed of the grievance procedure, that the multi-purpose document used for making grievances was not provided in Spanish, and that he was "isolated from the general population" at the time he should have filed a grievance. (Doc. 68, p.2).

Plaintiff's objection is without merit. Exhaustion of administrative remedies is required before a prisoner can bring a civil rights claim. 42 U.S.C. § 1997(e)(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  Moreover, "failure to exhaust available administrative remedies is an affirmative defense." *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).  The rare exceptions occur when prison officials prevent exhaustion, such as by failing to provide grievance forms or refusing to respond to a grievance. *Lyon v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002).  However, that was not the case here. Plaintiff had access to the grievance forms, as he used two of them the day after the incident in question.  Nor was language an impediment as Plaintiff wrote his initial grievance in Spanish, and the WCDC personnel responded.

Even if Plaintiff was "isolated from the general population" in the period immediately following the incident, that separation did not prevent him from submitting a grievance. The incident occurred on April 3, 2012, and by May 11, 2012, Plaintiff was submitting forms written in English—requesting pain medication, court documents, and a haircut, among

other things—indicating that he had access to at least one person who spoke both English and Spanish to assist him.

Moreover, even if Plaintiff's exhaustion objection had merit, it would be moot. The Magistrate conducted a thorough analysis of Plaintiff's claims in spite of his failure to exhaust, and found that they had no substantive merit.

For these reasons, the Court will overrule this objection.

## II. Use of Excessive Force.

Plaintiff also objects to the Magistrate's report that no reasonable juror could find Officer Fields used excessive force. Plaintiff states that Officer Fields used sufficient force to break his collarbone. He argues that "the language barrier" was a factor in the incident, and that "it was human nature" for him to resist Officer Fields' "sudden physical attack." (Doc. 66, p.2). When analyzing excessive force claims of pretrial detainees, courts apply an "objective reasonableness" standard. *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001).

> The injuries detainees suffer must be necessarily incident to administrative interests in safety, security and efficiency. Constitutionally infirm practices are those that are punitive in intent, those that are not rationally related to a legitimate purpose or those that are rationally related but are excessive in light of their purpose.

*Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048-49 (8th Cir. 1989).

Whether there has been excessive force is determined under a totality of the circumstances analysis. The Supreme Court has said that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and that the "calculus of

reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989); see also *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009).

While the issue comes before the Court on a Motion for Summary Judgment, there is no genuine dispute about what occurred, as it was recorded on two video cameras. In *Scott v. Harris*, the Supreme Court recognized that a video recording may so contradict the evidence of one party or the other as to eliminate any genuine dispute about what occurred. 550 U.S. 372, 380 (2007). In such circumstances, the Court must view the facts in the light depicted by the video. *Id.* at 381.

On April 3, 2012, Plaintiff pushed the intercom button to obtain assistance and alleges that he did not know that the button was for medical emergencies only. He continued to push the button, although he was told in English not to push the button repeatedly. The surveillance camera video, supplied by Defendants, shows Officer Fields entering through the pod door and talking to Plaintiff, while gesturing at the button. Plaintiff reaches up and pushes the button again. When Plaintiff begins to push the button yet again, Officer Fields grabs Plaintiff's right arm. Plaintiff braces himself with his left arm against the wall and then with his legs as Officer Fields attempts to pull him into the hall. Plaintiff also grabs the door frame. Once in the hallway, Plaintiff is quickly taken to the floor.

The second video, taken from the control area, shows Officer Fields' back as he

attempts to handcuff Plaintiff. Another officer, Deputy Sam Caudle, comes to assist and it appears that Deputy Caudle is holding the Plaintiff down by applying his weight. Neither officer is seen striking Plaintiff at any time during the video.

At the time Plaintiff created this disturbance in the doorway of the pod, there were at least ten other unrestrained inmates inside the room. Only Officer Fields and Plaintiff stood between them and the open door. The circumstances of the incident were unquestionably "tense, uncertain, and rapidly evolving," as there was no way of predicting what the inmates in the pod might do, and it must be judged from the perspective of a reasonable officer, not with the "20/20 vision of hindsight."

The video reveals that Officer Fields attempted to move Plaintiff into the hallway, and Plaintiff vigorously resisted. Under these circumstances, the Court does not believe any reasonable fact-finder could conclude that excessive force was used by Officer Fields to compel Plaintiff to come out into the hallway.

Further, Plaintiff's "language barrier" argument is without merit. While Plaintiff may not have understood the use of the intercom button nor understood what Officer Fields was saying, he could not have failed to understand that Officer Fields required him to go from the pod into the hallway.

Plaintiff's "human nature" argument is also unavailing. It was Plaintiff's resistance to being removed from the pod that precipitated what he describes as a "sudden physical attack." (Doc. 66, p.2). By bracing himself to prevent his removal from the pod, he created the situation that required Officer Fields to use force, and cannot have been surprised that his resistance was also met with force.

For the foregoing reasons, Plaintiff's second objection is without merit and will be

overruled.

The Court, being well and sufficiently advised, finds that the Report and Recommendation (Doc. 63) is proper and should be and hereby is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that Defendants' Motion of Summary Judgment (Doc. 32) is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. Judgment will be entered contemporaneously with this Order.

IT IS SO ORDERED this 4th day of June, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE