IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SERGIO ANDRADE MARTINEZ                                         PLAINTIFF

V.                            CASE NO. 5:12-CV-05163

OFFICER FIELDS, in his individual capacity                      DEFENDANT

## OPINION AND ORDER

Now pending before the Court is a Second Motion for Summary Judgment (Doc. 86) filed by Defendant Officer Fields on September 9, 2016. Plaintiff Sergio Andrade Martinez filed a Response (Doc. 89) on September 27, 2016, and Officer Fields filed a Reply (Doc. 92) on September 20, 2016. For the reasons stated herein, Officer Fields' Motion for Summary Judgment is **DENIED**.

## I.     DISCUSSION

This is an excessive force claim originally brought in July of 2012 by Martinez, a pretrial detainee, against Washington County Jail. Martinez later identified the jail's administrator Randall Denzer and Officer Fields as the intended defendants, and United States Magistrate Judge Erin L. Setser directed that they be substituted in place of "Washington County Jail" as the named defendants. On July 19, 2013, Defendants filed a Motion for Summary Judgment (Doc. 32), arguing that Martinez failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act; that both Defendants were entitled to qualified immunity; and that Martinez failed to offer any proof to support his official-capacity claims. In a January 28, 2014 Report and Recommendation ("R&R") (Doc. 63), Judge Setser found that Martinez did not exhaust his administrative remedies, that Officer Fields did not use excessive force, that Officer

Fields was alternatively entitled to qualified immunity, and that there was no basis for Martinez's official-capacity claims. On June 4, 2014, this Court issued an Order (Doc. 69) approving and adopting the R&R in its entirety, and issued a Judgment (Doc. 70) dismissing the case with prejudice.

Martinez appealed the Court's ruling, and on October 8, 2015, the Eighth Circuit reversed and remanded the case for further proceedings on the excessive-force claim against Officer Fields in his individual capacity. *Martinez v. Fields*, 627 Fed. App'x 573 (8th Cir. 2015) (unpublished *per curiam*). On September 9, 2016, Officer Fields filed a Second Motion for Summary Judgment (Doc. 86), arguing that the Eighth Circuit did not decide the issue of qualified immunity, and that he is entitled to the same. Martinez counters that the Eighth Circuit did decide the qualified immunity issue, and that pursuant to the law of the case doctrine, this Court must deny Fields' Motion. That doctrine, with narrow exceptions not applicable here, "prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995).

The Court finds Officer Fields' novel Motion to be entirely unavailing. The Motion is based on the premise that the Eighth Circuit found only that there were genuine issues of material fact about whether Officer Fields used excessive force, and did not proceed to the subsequent question of whether the use of force violated a clearly established constitutional right, which must necessarily be answered to determine qualified immunity. However, this premise is completely undermined by at least two

facts. First, in adopting Judge Setser's R&R, this Court made a finding that Officer Fields was entitled to qualified immunity. By reversing and remanding for further proceedings, the Eighth Circuit necessarily disagreed with that conclusion; elsewise, it would have affirmed the Court's ultimate finding that the case should be dismissed. That the Circuit Court did not proceed to conduct a searching analysis of whether Martinez's right to be free from Officer Fields' use of force was clearly established, once it found issues of material fact about whether the use of force was excessive, is unsurprising.[1] There is no question that Martinez's right to be free from excessive force was clearly established at the time. *E.g., Thompson v. Zimmerman*, 350 F.3d 734 (8th Cir. 2003) (concluding that "the right to be free from excessive force" was "clearly established" by the time the plaintiff was arrested).

Second, the Eighth Circuit's Opinion explicitly finds "that there is a *jury issue* on whether Fields used excessive force during his April 3 encounter with Martinez." *Martinez*, 627 Fed. App'x at 575 (emphasis added). As one of the fundamental purposes of qualified immunity is to "avoid 'subjecting government officials *either to the costs of trial* or to the burdens of broad-reaching discovery,'" the Eighth Circuit's aforementioned pronouncement is antithetical to Officer Fields' thesis. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added, alteration omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). In other words, an appellate court's holding that an issue for the jury exists presupposes a holding that a defendant is not entitled to qualified immunity, at least where the lower court had previously found otherwise. *Accord In re MidAmerican Energy Co.*, 286 F.3d 483, 487 (8th Cir. 2002) (stating that

---

[1] This is particularly true in a unpublished *per curiam* opinion.

3

an Eighth Circuit mandate "encompasses everything decided, either expressly *or by necessary implication*" (emphasis added, quotation omitted)).

Other aspects of Officer Fields' Motion are equally unconvincing. For example, the Motion contends that the Eighth Circuit could not have held that Officer Fields was not entitled to qualified immunity because such a holding would be *contra* to Supreme Court case law. The Supreme Court has held, Officer Fields argues, that "[i]f judges . . . disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." *Wilson v. Layne*, 526 U.S. 603, 618 (1999); *see also* Doc. 87, p. 3. It follows, per Officer Fields, that since "2 out of 5 federal judges"—rneaning the undersigned and Judge Setser—"who reviewed the evidence held that the challenged conduct was legally justified beyond genuine dispute, the Supreme Court's holding in Wilson . . . dictates a grant of qualified immunity to Defendant Fields." (Doc. 87, p. 3). According to this logic, courts of appeals should never reverse district courts' denials of qualified immunity, at least when they are made pursuant to the adoption of an R&R finding the same. While this may be a comforting concept to district court judges not wanting to have their opinions reversed, it has no basis in reality. Indeed, the quote from *Wilson* concerns the very different situation where the state of the law is "undeveloped" on an issue and a "split among the Federal Circuits" has developed. *Wilson*, 526 U.S. at 618.

Similarly unpersuasive is Officer Fields' reliance on *Day v. Case Credit Corp.* for the proposition that the law of the case doctrine should not apply to the issue of qualified immunity in this case. 2007 WL 2461934 (E.D. Ark. Aug. 29, 2007). In *Day*, the Eighth Circuit had reversed the district court's grant of summary judgment, and in doing

4

so found that genuine issues of material fact existed as to the issue of unjust enrichment. *Id.* at *2. After the case was remanded, the counter-claimant moved for summary judgment on its claim of unjust enrichment, which the district court denied. *Id.* at *1. The counter-claimant filed a motion to reconsider, arguing that because the Eighth Circuit had decided the issue, the law of the case doctrine dictated that it prevail on summary judgment. *Id.* The district court disagreed, quite correctly noting that the Eighth Circuit had only held that the theory of unjust enrichment was available to the counter-claimant, not that the counter-claimant had prevailed on that theory. *Id.* at *2.

The material similarity between *Day* and the instant case is not that "the appellate court did not reach the issue in question," as Officer Fields argues. (Doc. 92, p. 2). In *Day*, it did not, but as discussed *supra*, the Eighth Circuit necessarily disagreed with this Court on the issue of qualified immunity. Instead, the material similarity between this case and *Day* is that one party is asking the district court to construe an appellate opinion in a manner that does not comport with the judgment above. *Cf. Burton v. Ark. Sec. of State*, 2015 WL 632216, pp. *3-*7 (E.D. Ark. Feb. 13, 2015) (rejecting, under the law of the case doctrine, defendant's argument that an intervening Eighth Circuit case allowed the district court to disregard the Circuit's previous denial of qualified immunity)[2]; *Smith v. Buck*, 2015 WL 106380 (D. Minn. Jan 7, 2015) (rejecting, under law of the case doctrine, defendant's argument that the Eighth Circuit did not reach his qualified immunity argument).

Accordingly, the Eighth Circuit has already reversed this Court on the issue of qualified immunity, and that reversal constitutes the law of the case. In light of that

---

[2] Defense counsel in *Burton*, in fact, was from the same law firm as defense counsel in the instant case.

finding, the remaining arguments found in Officer Fields' briefings are, "in a sense, requests for this Court to reconsider, and declare wrong, the Eighth Circuit's analysis of the law, record evidence, and arguments made by the parties during the . . . appeal." *Burton*, 2015 WL 632216, at *6. It would, of course, be entirely inappropriate for the Court to second guess the Eighth Circuit's judgment on such matters.

## II. CONCLUSION

For the reasons stated herein, Defendant Officer Fields' Second Motion for Summary Judgment (Doc. 86) is **DENIED** pursuant to the law of the case doctrine.

**IT IS SO ORDERED** on this \_\_4TH\_\_ day of October, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6